## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **JASON LEOPOLD,** | ) |
| | ) |
| **BLOOMBERG L.P.,** | ) |
| 731 Lexington Ave | ) |
| New York, NY 10022 | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| v. | ) |
| | ) |
| **OFFICE OF THE UNITED STATES** | ) |
| **TRADE REPRESENTATIVE,** | ) |
| Office of the General Counsel | ) |
| 600 17th Street NW | ) |
| Washington, DC 20508 | ) |
| | ) |
| **IMMEDIATE OFFICE OF** | ) |
| **THE SECRETARY, U.S. DEPARTMENT** | ) |
| **OF COMMERCE,** | ) |
| Office of General Counsel | ) |
| 1401 Constitution Ave NW | ) |
| Washington, DC 20230 | ) |
| | ) |
| **U.S. DEPARTMENT OF COMMERCE,** | ) |
| Office of General Counsel | ) |
| 1401 Constitution Ave NW | ) |
| Washington, DC 20230 | ) |
| | ) |
| **UNITED STATES DEPARTMENT OF** | ) |
| **THE TREASURY,** | ) |
| Office of General Counsel | ) |
| 400 7th Street, SW | ) |
| Washington, D.C. 20219 | ) |
| | ) |
| **Defendants.** | ) |

## COMPLAINT

1.     Plaintiffs JASON LEOPOLD and BLOOMBERG L.P. bring this suit to compel Defendants OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE, IMMEDIATE OFFICE OF THE SECRETARY, U.S. DEPARTMENT OF COMMERCE, and UNITED STATES DEPARTMENT OF THE TREASURY to discharge their obligations under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), including by conducting a reasonable search, issuing a determination, and producing records regarding tariffs.

## PARTIES

2.     Plaintiff JASON LEOPOLD is an investigative reporter at Bloomberg News and is one of the FOIA requesters in this case.

3.     Plaintiff BLOOMBERG L.P. is the owner and operator of Bloomberg News. Bloomberg's newsroom of more than 2,700 journalists and analysts delivers thousands of stories a day, producing content that is featured across multiple platforms, including digital, TV, radio, streaming video, print, and live events.  BLOOMBERG L.P. is one of the FOIA requesters in this case.

4.     Defendant OFFICE OF THE UNITED STATES TRADE REPRESENTATIVE ("USTR") is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

5.     Defendant IMMEDIATE OFFICE OF THE SECRETARY, U.S. DEPARTMENT OF COMMERCE ("IOS") is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

6.     Defendant U.S. DEPARTMENT OF COMMERCE ("COMMERCE") is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.  COMMERCE is the parent agency of IOS.

7.      Defendant UNITED STATES DEPARTMENT OF THE TREASURY ("TREASURY") is a federal agency and is subject to the Freedom of Information Act, 5 U.S.C. § 552.

## JURISDICTION AND VENUE

8.      This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court.  *See* 28 U.S.C. § 1331.

9.      Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## APRIL 2, 2025 FOIA REQUEST TO USTR

10.      On April 2, 2025, Plaintiffs submitted a FOIA request to USTR for the following records:

> 1. All communications (emails, memos, reports, Signal chat messages, Microsoft teams messages) referencing the rationale, economic impact, and legal analysis of tariffs imposed on China, the European Union, and other trading partners.
>
> 2. Any final studies or reports assessing the effects of these tariffs on U.S. industries and consumers.
>
> 3. Correspondence between USTR officials and the White House regarding tariff policies.
>
> Please limit the search to March 14th and the present.

11.      On April 8, 2025, USTR acknowledged receipt of the request and assigned reference number FY25-60 to the matter.

12.      A true and correct copy of the acknowledgement email quoting the FOIA request, along with subsequent correspondence, is attached hereto as Exhibit 1.

13.      On April 30, 2025, USTR stated that it required "at least an additional ten working days" to process the request due to "unusual circumstances."  *Id.*

14.      On May 28, 2025, USTR notified Plaintiffs that an eDiscovery search produced approximately 12,000 results after removing press clips, and asked Plaintiff to describe the

requested records "in more detail" so USTR could locate them "with a reasonable amount of effort." *Id.*

15.    On May 30, 2025, Plaintiffs agrees to omit news clippings from the search and asked USTR to deduplicate emails to reduce the volume of responsive records.  Plaintiffs also asked USTR to describe how it conducted the search for records.  *Id.*

16.    On June 5, 2025, USTR stated it had "already eliminated over 8,000 news clippings and press releases" and its eDiscovery tool "automatically deduplicates emails, so the remaining 12,000 records reflects this."  USTR claimed that it "cannot proceed further with this request until we receive additional written clarification from you within 30 calendar days" and asked Plaintiff to narrow the search.

17.    On June 12, 2025, Plaintiffs asked USTR to process the request as-is and to provide an estimated date of completion.  *Id.*

18.    On June 18, 2025, USTR stated that it "can certainly continue to review the remaining 12,000 results" and did not provide an estimated date of completion.  *Id.*

19.    USTR did not send any further correspondence to Plaintiffs regarding this request.

20.    As of the date of this filing, USTR has not issued a determination on Plaintiff's request.

21.    As of the date of this filing, USTR has failed to make any responsive records promptly available to Plaintiff.

### APRIL 7, 2025 FOIA REQUEST TO IOS

22.    On April 7, 2025, Plaintiffs submitted a FOIA request to IOS for the following records:

> 1. All emails (including attachments) sent and received by Commerce Secretary Howard Lutnick referencing "tariffs" and/or "reciprocal tariffs."

2. All emails (including attachments) sent and received by Commerce Secretary Howard Lutnick referencing "Liberation Day."

3. All emails (including attachments) sent and received by Commerce Secretary Howard Lutnick referencing "recession" and "economic recession."

4. All emails (including attachments) and text messages, Signal chat messages (including messages set to disappear), Microsoft Teams messages, Gchat messages, sent and received by Commerce Secretary Howard Lutnick referencing "trade war."

[5.] All text messages, Signal Chat messages (including messages set to disappear), Microsoft Teams messages, Gchat messages, sent and received by Howard Lutnick that reference "tariffs" and "reciprocal tariffs."

[6.] All text messages, Signal chat messages (including messages set to disappear), Microsoft Teams messages, Gchat messages, sent and received by Commerce Secretary Howard Lutnick referencing "recession" and/or "economic recession" and/or "Liberation Day."

[7.] All talking points prepared for Commerce Secretary Howard Lutnick referencing "tariffs," "reciprocal tariffs," "recession," "economic recession," and "social security" and "retirement."

[8.] All memos, letters, directives, final reports, final legal opinions and guidance, studies, sent and received by Commerce Secretary Howard Lutnick referencing "tariffs," and/or "reciprocal tariffs," "Liberation Day," "economic recession," "recession," "trade war."

9.All letters sent to Commerce Secretary Howard Lutnick by any member of Congress or a Congressional Oversight Committee and Wall Street executive, private equity and hedge fund executive, referencing "tariffs," "reciprocal tariffs," "recession," "economic recession," "Liberation Day," "trade war."

If any official government business communications was sent or received by Commerce Secretary Howard Lutnick on his personal devices please be sure those communications were captured by his official government email and are preserved as required under the Federal Records Act. Please be sure the search for responsive records includes any records Secretary Lutinick exchanged with other executive branch agency officials, independent government agency officials, other divisions within Commerce that work on tariff and trade issues, US DOGE Service or Department of

Government Efficiency officials, Elon Musk and as well executives from hedge funds, banks and private equity firms.

23.    A true and correct copy of the FOIA request, along with subsequent correspondence, is attached hereto as Exhibit 2.

24.    On April 8, 2025, IOS assigned acknowledged receipt of the request, assigned reference number DOC-IOS-2025-001454 to the matter, cited unusual circumstances, and denied expedited processing of the request.  *Id*.

25.    On June 5, 2025, Plaintiffs asked IOS about the status of the request, including by seeking an estimated date of completion and an explanation of what steps had already been taken— or were planned—to process the request.  *Id*.

26.    On June 6, 2025, IOS stated that the estimated date of completion for the request was November 17, 2028.  *Id*.

27.    IOS did not send any further correspondence to Plaintiffs regarding this request.

28.    As of the date of this filing, IOS has not issued a determination on Plaintiffs' request.

29.    As of the date of this filing, IOS has failed to make any responsive records promptly available to Plaintiffs.

**MAY 9, 2025 FOIA REQUEST TO TREASURY**

30.    On April 2, 2025, Plaintiffs submitted a FOIA request to TREASURY for the following records dated May 1, 2025 through May 9, 2025:

> 1. All emails (including attachments), memos, letters, directives, talking points, sent and received by Treasury Secretary Scott Bessent referencing tariffs and dolls, tariffs and toys, tariffs, dolls and toys.

31.    A true and correct copy of the FOIA request, along with subsequent correspondence, is attached hereto as Exhibit 3.

32.    On May 20, 2025, TREASURY acknowledged receipt of the request, assigned reference number 2025-FOIA-02082 to the matter, and asked Plaintiffs to clarify the request by "replacing 'referencing' with more specific and precise language." *Id.*

33.    On May 21, 2025, Plaintiffs stated that they sought emails sent and received by Secretary Bessent that mention or refer to the keywords included in the FOIA request. *Id.*

34.    On May 21, 2025, TREASURY confirmed that it would "be in contact soon." *Id.*

35.    On May 28, 2025, upon noticing that the request was labeled as "on hold" in the TREASURY FOIA portal, Plaintiffs sent a follow-up message to TREASURY to ask for an update on the request. *Id.*

36.    On May 29, 2025, TREASURY stated that it "hope[d] to have a response early next week." *Id.*

37.    On June 12, 2025, Plaintiffs asked TREASURY about the status of the request, including by seeking an estimated date of completion and an explanation of what steps had already been taken—or were planned—to process the request. *Id.*

38.    TREASURY did not send any further correspondence to Plaintiffs regarding this request.

39.    As of the date of this filing, TREASURY has not issued a determination on Plaintiffs' request.

40.    As of the date of this filing, TREASURY has failed to make any responsive records promptly available to Plaintiffs.

## COUNT I – USTR'S FOIA VIOLATION
## APRIL 2, 2025 FOIA REQUEST TO USTR

41.    The above paragraphs are incorporated by reference.

42.    Plaintiffs' FOIA request seeks the disclosure of agency records and was properly made.

43.    Defendant USTR is a federal agency subject to FOIA.

44.    Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

45.    Defendant USTR has failed to conduct a reasonable search for records responsive to the request.

46.    Defendant USTR has failed to issue a complete determination within the statutory deadline.

47.    Defendant USTR has failed to produce all non-exempt records responsive to the request.

## COUNT II – IOS'S FOIA VIOLATION
## APRIL 7, 2025 FOIA REQUEST TO IOS

48.    The above paragraphs are incorporated by reference.

49.    Plaintiffs' FOIA request seeks the disclosure of agency records and was properly made.

50.    Defendant IOS is a federal agency subject to FOIA.

51.    Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

52.    Defendant IOS has failed to conduct a reasonable search for records responsive to the request.

53.    Defendant IOS has failed to issue a complete determination within the statutory deadline.

54.    Defendant IOS has failed to produce all non-exempt records responsive to the request.

## COUNT III – TREASURY'S FOIA VIOLATION
## MAY 9, 2025 FOIA REQUEST TO TREASURY

55.     The above paragraphs are incorporated by reference.

56.     Plaintiffs' FOIA request seeks the disclosure of agency records and was properly made.

57.     Defendant TREASURY is a federal agency subject to FOIA.

58.     Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

59.     Defendant TREASURY has failed to conduct a reasonable search for records responsive to the request.

60.     Defendant TREASURY has failed to issue a complete determination within the statutory deadline.

61.     Defendant TREASURY has failed to produce all non-exempt records responsive to the request.

**WHEREFORE**, Plaintiffs ask the Court to:

i.      declare that Defendants have violated FOIA;

ii.     order Defendants to conduct a reasonable search for records and to produce the requested records promptly;

iii.    enjoin Defendants from withholding non-exempt public records under FOIA;

iv.     award Plaintiffs attorneys' fees and costs; and

v.      award such other relief the Court considers appropriate.

Dated: July 2, 2025

RESPECTFULLY SUBMITTED,

*/s/ Matthew V. Topic*

Attorneys for Plaintiffs
JASON LEOPOLD,
BLOOMBERG L.P.

Matthew Topic, D.C. Bar No. IL0037
Stephen Stich Match, D.C. Bar No. MA0044
Merrick Wayne, D.C. Bar No. IL0058
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
foia@loevy.com